IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD MARK CLARK,<br>    Plaintiff,<br><br>            v.<br><br>SOCIAL SECURITY ADMINISTRATION, *City of Lancaster, California*,<br>    Defendant. | Civil Action No.<br>1:22-cv-00015-SDG |

**OPINION & ORDER**

This matter is before the Court on a *sua sponte* remand from the Eleventh Circuit Court of Appeals for the limited purpose of determining whether Ronald Mark Clark merits reopening of the appeal period pursuant to Fed. R. App. P. 4(a)(6) (Appellate Rule 4).[1] The Court finds that Clark's appeal period should be reopened.

Clark is a serial frivolous filer.[2] Concerning the instant case, on March 23, 2022, United States Magistrate Judge Justin S. Anand issued a final report and recommendation recommending dismissal of Clark's complaint as frivolous.[3]

---

1   ECF 24.

2   *See, e.g.,* Case No. 1:21-cv-5078-SDG (the 5078 Case); Case No. 1:21-cv-5095-SDG (the 5095 Case); Case No. 1:21-cv-5207-SDG (the 5207 Case); Case No. 1:21-cv-5307-SDG (the 5307 Case).

3   ECF 6. *See also id.* at 3 ("Plaintiff's case cannot move beyond the frivolity stage. First, the [Social Security Administration] is not a 'person' amenable to suit

Clark did not timely object to the report and recommendation, and on May 23, the Court adopted it and dismissed the case.[4] On May 31, the Clerk of Court entered a judgment against Clark.[5]

Clark first filed a "motion for continuance" in the instant case, which was deemed filed on July 11, 2022.[6] *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it."). Clark next filed an omnibus motion for reconsideration of five of his cases, including the instant case, deemed filed on September 6, 2022.[7] *Id.* Clark then filed an omnibus notice of appeal in the same five cases, deemed filed on September 6, 2022,[8] and an amended omnibus notice of appeal in six of his cases, including this one, deemed filed on

---

under *Bivens*. Additionally, sovereign immunity protects federal agencies from suit.") (cleaned up).

[4] ECF 8.

[5] ECF 10.

[6] ECF 12.

[7] *See generally* ECF 13 (pertaining to the instant case, the 5078 Case, the 5207 Case, the 5307 Case, and the 5095 case).

[8] *See generally* ECF 14 (pertaining to the instant case, the 5078 Case, the 5207 Case, the 5307 Case, and the 5095 case).

September 7, 2022.[9] The omnibus notice of appeal was untimely filed. 28 U.S.C. § 2107(b)(2) ("In any . . . action, suit, or proceeding, the time [to appeal a final judgment] as to all parties shall be 60 days from such entry [of a final judgment] if one of the parties is . . . a United States agency. . . ."). *See also* Fed. R. App. P. 4(a)(1)(B) (same); *id.* 4(c)(1)(A)(i)–(ii) (noting that, if an inmate files a notice of appeal, the notice is timely if it is deposited in the institution's internal mailing system on or before the filing deadline, and is accompanied by a declaration or notarized statement declaring the date of deposit and that first-class postage is prepaid or evidence showing that the notice was deposited and such postage was prepaid); *id.* 26(a)(1)(C) (explaining the computation of appellate filing deadlines).

On May 23, 2022, the Clerk mailed notice of the final judgment in this case to Clark at his last known address[10]—then, the Walker State Prison in Rock Spring, Georgia.[11] However, the Clerk corrected that judgment on May 31, 2022, and there is no indication on the docket that the Clerk mailed the corrected judgment to

---

[9]   *See generally* ECF 17 (including the instant case, the 5095 Case, the 5078 Case, the 5207 Case, the 5307 Case, and Case No. 1:21-cv-5308-SDG (in which the appeal was dismissed for want of prosecution)).

[10]  D.E. 5/23/2022.

[11]  ECF 5.

Clark.[12] On June 8, 2022, Clark notified the Court that he had been moved to the Coastal State Prison in Garden City, Georgia.[13] In the July 11 "motion for continuance," Clark indicates that he did not receive any legal mail from the Court until that date, sometime after he had settled in the Coastal State Prison.[14] And, in the September 6 omnibus notice of appeal, Clark asserts that he did not receive a final order from the Court until September 2, 2022.[15] Thus, the Eleventh Circuit determined that there is a question as to whether Clark's appeal in the instant case should be reopened pursuant to Appellate Rule 4, and it remanded for this Court to issue findings limited to that narrow question.[16]

Appellate Rule 4 provides that a

> district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered . . . only if . . . [(1)] the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment . . . within 21 days of entry; [(2)] the motion [to reopen] is filed within 180 days after the judgment . . . is entered or within 14 days after the moving party received notice

---

[12] ECF 10. In the original judgement, the Clerk incorrectly dated the Court's dismissal order as ordered and adjudged on May 31, 2022, not May 23, 2022. The corrected judgment remedied this error.

[13] ECF 11.

[14] ECF 12, at 1.

[15] ECF 17, at 3.

[16] ECF 24, at 2.

>under Federal Rule of Civil Procedure 77(d), whichever is earlier; and [(3)] the court finds that no party would be prejudiced.

Fed. R. App. P. 4(6)(A)–(C) (citing Fed. R. Civ. P. 77(d) (Rule 77)).

Apart from the provision in Appellate Rule 4, Rule 77 does not extend the time allowed to file a notice of appeal as long as the appellant was properly served with the judgment. Fed. R. Civ. P. 77(d)(1)–(2) (citing Fed. R. Civ. P. 5(b) (Rule 5)). As they pertain to the instant case, Rules 5 and 77 allow for service by mail to a party's last known address. Fed. R. Civ. P. 5(b)(2)(C).

As an initial matter, the Court finds that Clark received notice of final judgment in the instant case on July 11, 2022, not September 2. As the Eleventh Circuit noted, Clark's "motion for continuance" indicates that he did not receive mail from this Court until July 11. The Eleventh Circuit also noted that Clark's amended omnibus notice of appeal asserts that he received the Court's final order on September 2. However, the amended omnibus notice of appeal also indicates that the final order to which Clark refers "was completed on August 16, 17, 2022."[17] The Court's final order in the instant case was entered on May 23, 2022, and the Clerk's corrected judgment was entered on May 31, 2022, so the final order in the

---

[17] ECF 17, at 3.

instant case could not be the order to which Clark refers. Instead, Clark seems to refer to the Court's final orders in the 5078 Case[18] and the 5095 Case,[19] both of which were decided on August 16, 2022. With this in mind, the Court credits Clark's assertion in his "motion for continuance"—which is the only filing that pertains specifically to the instant case—and finds that Clark received notice of the Court's final judgment on July 11. Thus, Appellate Rule 4 has been satisfied.

Regarding Appellate Rule 4's first element, the Court finds that Clark did not timely receive Rule 77 notice of the entry of judgment within 21 days for two reasons. First, though the Clerk mailed notice of the May 23, 2022 judgment to Clark's last known address at that time (*i.e.*, the Walker State Prison) and therefore met the requirements of Rule 77's plain text, Clark had likely moved to the Coastal State Prison by the time notice arrived at his prior address and, importantly, before he had an opportunity to file his June 8, 2022 notice of change of address. True, under this Court's Local Rules, "[t]he failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case

---

[18]  5078 Case, ECF 17 (Final Order, 8/16/2022); *id.*, ECF 18 (Clerk's Judgment, 8/17/2022).

[19]  5095 Case, ECF 10 (Final Order, 8/16/2022); *id.*, ECF 11 (Clerk's Judgment, 8/17/2022).

shall constitute grounds either for dismissal of the action without prejudice or for entry of default," L.R. 41.2(B), NDGa. However, considering Clark's good faith effort to comply with the Local Rules as soon as was practicable given his unusual situation, any neglect on his part to timely notify the Court of his new address is excusable. To find otherwise would be unjust. Thus, despite the Clerk's plain compliance with Rule 77's service requirement, the Court finds that Clark received notice of the Court's May 23 final order on July 11, and therefore did not receive notice of the final judgment in this case within 21 days. The same would hold true if he had received notice of the final judgment on September 2.

Second, the docket does not reflect service of the May 31 corrected final judgment. Thus, even if Clark were held to strict compliance with the Local Rules and Rule 77, it appears that Clark did not receive notice of entry of that judgment at all. Accordingly, on either of the above grounds, the Court finds that the first Appellate Rule 4 element is met.

Regarding the second Appellate Rule 4 element, Clark timely moved the Court to reopen his time for appeal within 14 days of his notice of the Court's final judgment. Clark filed his "motion for continuance" on July 11, the same day that he received notice of the Court's entry of final judgment. Alternatively, even if Clark had received notice of the final judgment on September 2, Clark filed his

omnibus notice of appeal on September 6 and his amended omnibus notice of appeal on September 7, well within the 14 days provided for in Appellate Rule 4. The Court construes both the "motion for continuance" and the amended omnibus notice of appeal as motions to reopen his time for appeal, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (cleaned up) ("A document filed *pro se* is to be liberally construed . . . ."), and finds that the second element of Appellate Rule 4 is met.[20]

As far as the third Appellate Rule 4 element is concerned, the Court finds that no party will suffer prejudice if Clark's time for appeal is reopened. Clark has been prejudiced by delays in the mailing systems of the institutions at which he has been incarcerated, as well as the Clerk's apparent failure to serve notice of the corrected final judgment in the instant case. Additional time to appeal will remedy any prejudice Clark has suffered in this regard. As Clark's complaint has not been served on any defendant and, in the Court's view is frivolous, no other party stands to suffer prejudice.

---

[20] This element would also be met in the case that the date of the May 31 corrected final judgment controls, as Clark apparently never received notice of it and both the "motion for continuance" and amended omnibus notice of appeal were filed within 180 days of May 31.

Finally, the Court notes that Clark has filed at least sixteen federal court actions and appeals. Some time ago, Clark ran afoul of the "three-strikes" provision of 28 U.S.C. § 1915(g) for his repeated frivolous filings. While this will prevent Clark from filing future lawsuits and appeals absent a showing of imminent danger, the Court finds that it would be unjust to apply the three-strikes rule to the instant action at this late juncture.

For these reasons, the Court finds that Clark merits reopening of the appeal period pursuant to Appellate Rule 4. The Clerk is **DIRECTED** to forward a copy of this Order to the Eleventh Circuit Court of Appeals.

**SO ORDERED** this 27th day of February, 2023.

Steven D. Grimberg
United States District Court Judge